FALL 1809,
First District.

MANN AND BER-
NARD
vs.
HUNT & SMITH.

defendant's counsel, do not apply to this country. The statute of the territory authorizes the plaintiff to demand bail, in all cases in which the sum demanded is above one hundred dollars.

*Porter* in reply. It is not pretended that the English decisions are binding on this court as precedents, and they are not referred to under that idea. But they are referred to, for information on a subject depending on sound reason. In England the statute of George, on the subject of bail, is as general as that of our territory referred to by the plantiff's counsel, and cases like the present are not excepted from its provisions, yet the court has made the exception founded on the maxim which I have stated.

*By the Court*, LEWIS, J. *alone.* Let the bail be discharged.

⋘●●●⋙

### MANN & BERNARD vs. HUNT & SMITH.

Persons applying for a commission must disclose the facts intended to be proven.

THE defendants moved for a commission to examine witnesses abroad on their affidavit, setting forth the names of the witnesses and the materiality of their testimony.

*Brown* and *Livingston* for the plaintiffs. The affidavit ought to have gone further and set forth the facts intended to be proven, in order that the court might judge of the importance of the testimony.

*Alexander* for the defendants. It has hitherto been the practice to grant commissions without requiring such a disclosure as the plaintiff's counsel calls for. It may be dangerous to make it, as an opportunity may thereby be afforded to the adverse party to tamper with the witnesses, and perhaps falsify testimony.

*By the Court*, MATHEWS, J. & LEWIS, J. It does not appear to us that there has been any established practice in this court, authorizing or dispensing with what is asked by the plaintiffs. It will certainly cut off a great source of delay if we require that the party applying for a commission to examine witnesses abroad should disclose on oath the facts intended to be proven, that we may judge of their materiality, and the adverse party be offered the opportunity of admitting them. Neither do we conceive any danger in witnesses being tampered with, or testimony fabricated. If the party against whom the testimony is used is surprised by it, the court must indulge him with the opportunity to introduce such counter testimony as he may state on oath to be within his reach.